**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| JEROME L. LUMPKIN, ) | |
| ) | CASE NO.   1:09-CV-0113 |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| MICHAEL J. ASTRUE, ) | |
|    Commissioner of Social Security, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| Defendant. ) | |

This case is before the magistrate judge by the consent of the parties.  Pending before the court is the petition of counsel for plaintiff, Jerome L. Lumpkin ("Lumpkin"), for approval of attorney's fees pursuant to  the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (Doc. No. 20).  The Commissioner opposes the petition.  (Doc. No. 21).  For the reasons set forth below, the court GRANTS fees in the amount of $ 1,950.00 as requested.

I.

Lumpkin filed applications for DIB and SSI on November 16, 2004, alleging disability as of October 15, 2004.  His applications were denied initially and upon reconsideration. Lumpkin timely requested an administrative hearing.

Administrative Law Judge ("ALJ"), Peter R. Bronson, held a hearing on September 7, 2007, at which Lumpkin, who was represented by counsel, and Nancy J. Borgeson, vocational expert testified.  The ALJ issued a decision on June 27, 2008 in which he determined that Lumpkin was not disabled.  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied further review.

Lumpkin filed an appeal to this Court in which he claimed that the ALJ erred by: 1) failing to give sufficient weight to the opinion of Lumpkin's treating pulmonary specialist; 2) failing to properly assess Lumpkin's credibility; and 3) failing to fully develop the record after the hearing but prior to issuing his opinion.  On October 1, 2009, the court reversed and remanded the final decision of the Commissioner.  (Docs. # 18, 19).

Lumpkin now requests attorney's fees in the amount of $1,950.00 for 15.60 hours work at $125.00 per hour pursuant to EAJA.

## II.

Upon application, the court shall award fees and other expenses to a prevailing party other then the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  The "substantial justification" standard requires that the government's position be "'justified in substance or in the main'--that is, justified to a degree that could satisfy a reasonable person."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).  The government's position, in other words, must "have a reasonable basis in both fact and law."  *Id.*; *Trident Marine Constr., Inc. v. District Eng'r*, 766 F.2d 974, 980 (6th Cir. 1985).  The Sixth Circuit has held that the "substantial justification" standard "is essentially one of reasonableness."  *Kerr v. Heckler*, 575 F. Supp. 455, 457 (S.D. Ohio 1983), citing *Wyandotte Sav. Bank v. NLRB*, 682 F.2d 119, 120 (6th Cir. 1982).  The pertinent inquiry is whether the position maintained by the Commissioner "had a reasonable basis in law and fact."  *Id.*  "[W]hen an EAJA application is considered by this Court, the agency normally bears the burden of demonstrating substantial justification."  *E.W. Grobbel Sons, Inc. v. National Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999) (citing *Timms* v. *United*

2

States, 742 F.2d 489, 492 (9th Cir. 1984)).

In this case, the court found that the ALJ erred in assessing Lumpkin's credibility, and, therefore, his opinion was not based on substantial evidence.[1] Social Security Ruling 96-7, 1996 WL 362209 provides that when evaluating the credibility of an individual's statements regarding his symptoms and their functional effects, the ALJ must give specific reasons for the weight given to the individual's statements.  Moreover, the reasons for the credibility finding, "must be sufficiently specific to make clear to the individual and any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." 1996 WL 362209*6.

The court found that the ALJ's opinion was based on an erroneous interpretation of Lumpkin's testimony.  Moreover, the ALJ failed to articulate which of Lumpkin's allegations he discredited, why he discredited them, and the weight he ultimately gave them.  Thus, the ALJ failed to comply with SSR 96-7.  An opinion characterized by these flaws cannot be said to have a reasonable basis in law or fact.  Therefore, the ALJ's conclusion was not substantially justified, and an award of attorney fees under EAJA is appropriate.

III.

Lumpkin has requested attorney's fees in the amount of $1,950.00 for 15.60 hours work at $125.00 per hour.  The Commissioner does not object to the number of hours billed nor the hourly rate.  The court finds both the number of hours billed and the hourly rate reasonable.  Accordingly, Lumpkin is entitled to $ 1, 950.00 in attorney's fees.

---

[1] The court did, however, find that the ALJ properly weighed the opinion of Lumpkin's treating physician. The Court declined to address the issue of whether the ALJ fully and fairly developed the record.

IV.

For the reasons given above the court awards $1, 950.00 in attorney's fees pursuant to EAJA.

IT IS SO ORDERED.

<u>s/ Nancy A. Vecchiarelli</u>
Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: November 24, 2009